NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-2520
_____

UNITED STATES OF AMERICA

v.

STEVEN PREJEAN,
                                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 1-11-cr-00218-001)
District Judge:  Honorable Sylvia H. Rambo

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
Tuesday, March 19, 2013

_____

Before:  FUENTES, CHAGARES, and BARRY, Circuit Judges.


(Filed: April 8, 2013)

_____

OPINION
_____

CHAGARES, Circuit Judge.

        Steven Prejean was indicted on one count of theft of government funds in

violation of 18 U.S.C. § 641.  Prejean's counsel has moved to withdraw his

representation on the basis that there are no non-frivolous issues to raise on appeal. Prejean responded by filing a pro se brief. We will grant counsel's motion to withdraw and, finding that Prejean's pro se brief raises no meritorious arguments, we will affirm the District Court's judgment of conviction and sentence.

I.

Because we write exclusively for the parties, we provide only an abbreviated summary of the facts essential to our disposition. On July 13, 2011, a Grand Jury indicted Prejean for theft of government funds arising from the overpayment of Social Security benefits. The overpayment occurred over several years after Prejean failed to inform the Social Security Administration of his marriage and move from California to Pennsylvania. Prejean pled not guilty.

Following a two-day jury trial, Prejean was found guilty of the single count. At sentencing, the only objection Prejean offered was an objection to the $38,000 loss figure that the Probation Office had calculated in its Presentence Investigation Report. He admitted, though, that the evidence at trial supported the figure and he did not suggest an alternative number. The District Court overruled this objection and adopted the Presentence Investigation Report's determination that Prejean's total offense level was 12 and that he had a criminal history category of V. Prejean's advisory Sentencing Guidelines range was therefore 27 to 33 months, and the District Court imposed a sentence of 30 months to be served consecutively to a state sentence that Prejean was then serving.

Prejean filed a timely notice of appeal on May 23, 2012. On October 3, 2012, Prejean's counsel filed a motion to withdraw as counsel and an accompanying brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he opined there are no non-frivolous grounds for appeal. Prejean was informed of the filings in an October 4, 2012 letter and filed a pro se brief on October 25, 2012. The Government has submitted a brief that responds to both the defense counsel's Anders brief and to the contentions made in Prejean's pro se brief.

## II.[1]

Counsel may seek to withdraw from representation if, after a thorough examination of the record, he or she is "persuaded that the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a); see also Anders, 386 U.S. at 744 ("[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."). Our inquiry of such a request is two-fold: first, we ask whether counsel has thoroughly examined the record for appealable issues and has adequately explained to the court why any such issues are frivolous; second, we ask whether an independent review of the record presents any non-frivolous issues. United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). After a review of the Anders brief submitted in this case, we are convinced that Prejean's counsel has "thoroughly examined the record in search of appealable issues," id., and has adequately explained why any issues arguably supporting the appeal are frivolous.

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

3

Prejean has filed a <u>pro se</u> brief in which he alleges: (1) the evidence did not prove the elements necessary to show theft of government funds; and (2) his counsel was ineffective for failing to advise him that the Government wished to offer him a plea deal, for failing to call certain witnesses, and for unlawfully inducing him to plead guilty. With respect to Prejean's sufficiency argument, while both he and his mother testified that they had reported his marriage and move to the Social Security Administration, the Government offered evidence showing that no report was ever made. The Government also presented evidence that Prejean made personal use of the overpaid funds and that those funds belonged to the United States. The jury was free to discredit the testimony offered by Prejean and his mother and instead believe the evidence offered by the Government, and the evidence presented at trial was sufficient to support Prejean's conviction. <u>See</u> <u>United States v. Gibbs</u>, 190 F.3d 188, 197 (3d Cir. 1999) ("When a defendant challenges the sufficiency of the evidence supporting a verdict, we must review the evidence in the light most favorable to the government."). With respect to Prejean's claim that he received ineffective assistance of counsel, we note only that the Court is unable to consider these claims at this time given the lack of a complete record. <u>See</u> <u>United States v. Headley</u>, 923 F.2d 1079, 1083 (3d Cir. 1991) (explaining that "[i]neffective assistance of counsel claims are not generally entertained on direct appeal" unless "the record is sufficient to allow determination" of such claims). We thus agree with defense counsel that the issues raised by Prejean are frivolous and that no other non-frivolous issues exist.

III.

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm the judgment and sentence of the District Court.